UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DEAUNTA SENTREL TYLER, | ) |
| | ) |
| Petitioner/Defendant, | ) |
| | ) |
| v. | ) Case No. 4:17-cv-40011-SLD-1 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent/Plaintiff. | ) |

ORDER

Before the Court is Petitioner Deaunta Sentrel Tyler's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), ECF No. 157. For the following reasons, the § 2255 Motion is GRANTED.

**BACKGROUND**

On February 22, 2017, Tyler, along with his co-defendants Ledell Seantrel Tyler and Dalvent Jera Jackson, was indicted by a grand jury for attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count One),[1] possession of firearms in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (Count Two), and possession of firearms by a felon in violation of 18 U.S.C. § 922(g)(1) (Count Three). Indictment 1–2, ECF No. 1. The case went to trial, and on November 15, 2017, a jury convicted Tyler on all three counts. Jury Verdict 1–3, ECF No. 48. He was sentenced to 210 months on Count One, 120 months on Count Three to be served concurrently to Count One, and 120 months on Count Two to be served consecutively to Counts One and Three. Judgment 2, ECF No. 68. Tyler filed a notice of appeal on April 30, 2018. Not.

---

[1] Count One also charged completed Hobbs Act robbery in the conjunctive. Indictment 1–2, ECF No. 1. At trial, the government only sought to prove attempted Hobbs Act robbery. *See, e.g.*, Oct. 30, 2017 Pretrial Conference Tr. 6:22–24, ECF No. 82 ("[W]hen we charged the case, we charged robbery and attempted robbery in the conjunctive. And when we go to trial, we're going to seek to prove the attempted robbery . . . .").

Appeal, ECF No. 74.  His appeal was eventually dismissed by the Seventh Circuit.  USCA Mandate 6, ECF No. 116.

In July 2022, Tyler filed his § 2255 Motion, making the sole argument that, under the recent Supreme Court decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), attempted Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c).  § 2255 Motion 5.  Respondent United States of America (the "government") agrees that, pursuant to *Taylor*, Tyler's Count Two conviction is no longer valid and should be vacated.  Resp. 3, ECF No. 160.[2]

## DISCUSSION

### I.   Legal Standard

A prisoner in federal custody may move the court that imposed his sentence to vacate, set aside, or correct it.  28 U.S.C. § 2255(a).  "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process."  *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).  Accordingly, such relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack."  *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).

---

[2] Tyler was directed to file a reply within 30 days of service of the government's response.  July 19, 2022 Text Order.  He did not file one by that deadline.  *See* Oct. 4, 2022 Text Order (directing the Clerk, on October 4, 2022, to send a copy of the government's response to Tyler's new address).

## II. Analysis

Tyler's § 2255 Motion addresses a single issue: whether, after *Taylor*, attempted Hobbs Act robbery qualifies as a crime of violence for purposes of 18 U.S.C. § 924(c).  § 2255 Motion 4.  As relevant here, 18 U.S.C. § 924(c)(1)(A)(iii) provides that

> any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

"[C]rime of violence" is defined as "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A).[3]  In *Taylor*, the defendant, who had been convicted of attempted Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, and violation of § 924(c), filed a motion under § 2255, arguing that neither attempted Hobbs Act robbery nor conspiracy to commit Hobbs Act robbery qualifies as a crime of violence under § 924(c).  142 S. Ct. at 2019.  The Supreme Court held that attempted Hobbs Act robbery does not have as an element the use, attempted use, or threatened use of physical force, and thus cannot support a conviction under § 924(c).  *Id.* at 2020.

This resolves the entire issue.  Tyler was convicted of attempted Hobbs Act robbery, not completed Hobbs Act robbery, and this charge was the predicate offense for his § 924(c) conviction.  *See* Jury Verdict 1–2.  Because attempted Hobbs Act robbery is not a crime of violence, as required under § 924(c), his conviction under § 924(c) must be vacated.  Indeed, the

---

[3] The statute previously also defined "crime of violence" as "an offense that is a felony and that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3)(B).  This provision, known as the "residual clause," was declared unconstitutionally vague in *United States v. Davis*, 139 S. Ct. 2319, 2323–24, 2336 (2019).

3

government concedes this and acknowledges that Tyler should be resentenced. Resp. 3–4. The § 2255 Motion is, as such, granted. Tyler will be resentenced on Counts One and Three.[4]

## CONCLUSION

For the foregoing reasons, Petitioner Deaunta Sentrel Tyler's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 157, is GRANTED. Tyler's conviction under 18 U.S.C. § 924(c) is VACATED, and he will be resentenced. Counsel will be appointed to represent Tyler in the resentencing proceedings. The Clerk is directed to enter judgment on the § 2255 proceeding and close the accompanying civil case, No. 4:22-cv-04111-SLD.

Entered this 6th day of February, 2023.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Although Tyler was sentenced to 120 months on his § 924(c) conviction, to be served consecutively to his sentence on Counts One and Three, Judgment 2, the Court will resentence him on Counts One and Three rather than simply vacating the Count Two sentence of 120 months. "Sentences for multiple offenses are generally treated as packages, so that when part of the package is removed on appeal, the district court may reconsider the overall sentencing package on remand." *United States v. Brazier*, 933 F.3d 796, 801 (7th Cir. 2019) (quotation marks omitted); *see Francies v. United States*, Nos. 19-2672, 19-2673, & 19-2678, 2022 WL 2763385, at *2 (7th Cir. July 15, 2022) (remanding for resentencing on other counts where the defendants' § 924(c) convictions were vacated due to *Taylor*).